**Tyrone Ralph HAMMONS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M-84-455.**

Court of Criminal Appeals of Oklahoma.

May 27, 1986.

James T. Rowan, Asst. Public Defender, Steve Soltis, Legal Intern, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Tyrone Ralph Hammons, appellant, was convicted of Resisting Arrest, while under lawful arrest for Assault with Intent to Kill, in the District Court of Oklahoma County, Case No. CRM–83–4473, and sentenced to six (6) months imprisonment in the county jail, and he appeals.

Briefly stated the facts are that on May 6, 1983, two Oklahoma City police officers responded to a radio call reporting a shooting in Northeast Oklahoma City, and describing the suspect and the automobile that he was driving. The officers drove to the area in question and observed a vehicle that matched the description. After watching the vehicle turn into a parking lot and stop, and observing the driver get out of the car, the officers drove into the parking lot and asked appellant to produce some identification. The appellant did not have any identification, but when the officers asked him his name, he responded, "Tyrone Hammons." Since Tyrone was the name of the shooting suspect and the car was similar to the radio description, appellant was pat searched and placed in the back seat of the patrol car. After confirming that appellant was the person involved in the shooting incident, the officers decided to transfer appellant to another police car. When appellant was informed that he was under arrest and that he was being transferred to another vehicle, an altercation erupted in which one officer's eye glasses were broken and appellant swung his arms, kicked, and spit at the officers. After the struggle ended, appellant was placed in the other car and taken to the police station. Appellant· was charged with Resisting Arrest on September 19, 1983, and was convicted by a jury at his trial on March 6,

1984; wherein, he testified on his own behalf that he was defending himself against the force of the officers.

 In his sole assignment of error, appellant contends that he was denied his constitutional right to a speedy jury trial, and that the trial court erred in overruling his Motion to Dismiss. Appellant alleges that the pre-indictment delay of four (4) months and thirteen (13) days prejudiced him at trial in that some of the witnesses who observed the altercation had vanished during the time interval.

In support of this contention, appellant relies upon *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), which held that the Sixth Amendment only affords protection against delay to those who have been "accused" in the course of prosecution, but that "the Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the delay was an intentional device to gain a tactical advantage over the accused."

Initially, we note that at least one person who witnessed the altercation in question testified on behalf of appellant, and appellant has failed to present any objective facts that show any other persons vanished during the pre-indictment delay resulting in substantial prejudice to appellant. Furthermore, appellant has wholly failed to show this Court that the delay was an intentional device by the State to gain a tactical advantage.

■ In conjunction with his main assignment of error, appellant also argues that the State failed to properly join the charges of resisting arrest and carrying a firearm after former conviction of a felony, and that the State should be collaterally estopped from prosecution on this charge. We disagree.

The authority that appellant cites in support of his proposition is *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). However, this case states in pertinent part:

The principle of collateral estoppel means that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. *Ashe*, supra, at 441, 90 S.Ct. at 1193.

Even though the carrying a firearm and resisting arrest charges arose from the same circumstances, the issue of ultimate fact in each case is obviously different and the principle of collateral estoppel does not apply.

Accordingly, the judgment and sentence is AFFIRMED.

BRETT, J., concurs.

PARKS, P.J., specially concurs.

PARKS, Presiding Judge, specially concurring:

I concur in the result reached by the Court in this case. However, if appellant was indeed detained in the County Jail for six months prior to trial, as appellant alleges, then the better practice would have been to credit appellant's sentence with the time he was confined while awaiting trial.